IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SOSLAN KULUMBEGOV,

   Petitioner,

   v.             Case No. 1:26-cv-02133 KWR-JFR

TODD BLANCHE, *Attorney General of the United States,*
MARKWAYNE MULLIN*, Secretary of the Department
of Homeland Security,* David Venturella, *Acting Director of
U.S. Immigration and Customs Enforcement*,
MARY DE ANDA-YBARRA, *Field Office Director
for Detention and Removal, and*
WARDEN, *Torrance County Detention Facility*,

   Respondents.

**ORDER GRANTING IN PART HABEAS PETITION**

  **THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is subject to a final order of removal and has been in detention pending his removal from the country under 8 U.S.C. § 1231 for approximately eight months. Petitioner asserts there is not a significant likelihood of his removal in the reasonably foreseeable future, and he should be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

  The Court concludes that Petitioner is entitled to release because he is detained without a significant likelihood of removal in the reasonably foreseeable future in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). Therefore, having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is well-taken and therefore is **GRANTED in part.** The Court orders Respondents to immediately release Petitioner.

**BACKGROUND**

Petitioner is a citizen of Russia. He is in ICE custody at the Torrance County Detention Facility in New Mexico. On October 8, 2025, an immigration judge ordered Petitioner removed, but withheld removal to Russia. Doc. 1 at 5. The Order of Removal became final on November 11, 2025, when the appeal period expired and neither party appealed. Doc. 6 at 1. Petitioner asserts that DHS attempted to remove Petitioner to third countries, but he has not been accepted for removal to any country. Doc. 1 at 5-6.

Petitioner asserts in part that his detention violates *Zadvydas*. Petitioner asserts that Respondents cannot remove him in the reasonably foreseeable future because his removal to Russia is withheld and Respondents have not found a third country willing to accept him.

Respondents oppose relief and attach a Declaration to their response. The Declaration states in part that Spain, Canada, and Argentina declined to accept Petitioner. Doc. 6-1 at 2. It also states that Respondents submitted a Request for Acceptance of Alien to Bulgaria, Uzbekistan, and Turkey in February 2026. No response has been received. There is nothing in the record to suggest that those countries have responded to the request or indicated any likelihood of acceptance. The Declaration does not assert, or give any facts suggesting, that Petitioner's removal is significantly likely in the reasonably foreseeable future.

**LEGAL STANDARD**

Petitioner seeks release from detention under a habeas statute, 28 U.S.C. § 2241. The Constitution guarantees that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. §

2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

## DISCUSSION

**I.      The Court grants Petitioner's *Zadvydas* claim.**

Petitioner asserts that his removal from the country is not significantly likely in the reasonably foreseeable future in violation of *Zadvydas*. Petitioner made an initial showing that his removal was not significantly likely in the reasonably foreseeable future. As explained below, the burden shifted to Respondents to show that his removal is significantly likely in the reasonably foreseeable future to a third country. Respondents failed to make such a showing, and therefore Petitioner is entitled to immediate release under *Zadvydas*.

An immigration detainee "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas relief. 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678 (2001). Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). The removal period begins when the removal order "becomes administratively final." *Id.* § 1231(a)(1)(B)(i).

Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *Zadvydas*, 533 U.S. at 699. Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

Here, Petitioner's removal order became final on November 11, 2025, when the appeal period expired. 8 C.F.R. § 1241.1(c). Therefore, approximately eight months have passed since a final order of removal was entered.

Petitioner provided good reason to believe that there is not a significant likelihood of removal in the reasonably foreseeable future. Petitioner's order of removal became final in November 2025, and more than eight months have passed since the entry of his order of removal. Petitioner asserts that removal to Russia was withheld. Multiple third countries declined to accept him. In sum, Petitioner has pointed to the length of time, a withholding order, and the lack of acceptance by any third country. Thus, Petitioner has shown good reason to believe there is not a significant likelihood of removal in the reasonably foreseeable future.

After a petitioner has shown that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the respondents to rebut the showing. *Zadvydas*, 533 U.S. at 701. Respondents must provide "evidence" in rebuttal. *See id.*

In response, Respondents assert that they have contacted several third countries, including Spain, Canada, Argentina, Bulgaria, Uzbekistan, and Turkey. But Spain, Canada, and Argentina declined to accept Petitioner. Respondents assert that they have not received a response from Bulgaria, Uzbekistan, or Turkey.[1] They do not point to anything in the record to suggest that Bulgaria, Uzbekistan, Turkey, or any other third country has indicated a likelihood that they would accept Petitioner. They have also not pointed to any travel document, scheduled deportation, or anything else to suggest that removal is significantly likely in the reasonably foreseeable future.

---

[1] The Declaration also mentions Honduras, but it does not state whether Honduras ever responded.

Therefore, for the reasons stated herein, the Court concludes that Respondents have not established that there is a significant likelihood of removal in the reasonably foreseeable future.

Respondents assert that the Court should order a bond hearing instead of releasing him. Respondents do not argue that he is a danger to the community or a flight risk, or assert any facts suggesting he is a danger to the community. Moreover, *Zadvydas* rejected the argument that a petitioner's dangerousness justified indefinite detention. *Zadvydas*, 533 U.S. at 686. The petitioners in *Zadvydas* had criminal records, and immigration authorities concluded that one of the named petitioners was dangerous. *Id.* at 684. The Supreme Court held that despite the apparent dangerousness of the petitioners, "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Id.* at 689. Therefore, Petitioner shall be immediately released under appropriate conditions of supervision.

However, the Court declines to prohibit his future detention. For example, as Petitioner admits, Respondents may choose to detain him if his removal becomes significantly likely in the reasonably foreseeable future based on changed circumstances. *See* Doc. 7 at 4.

If Petitioner seeks attorney fees, he must file an appropriate application under the EAJA procedures and standards.

### CONCLUSION

As explained above, the Court concludes that Petitioner is entitled to release under *Zadvydas*, as he has been detained for over six months without a significant likelihood of removal in the reasonably foreseeable future. Therefore, Petitioner shall be immediately released under appropriate conditions of supervision. The Court will enter a separate judgment.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **GRANTED in part** for the reasons described in this Order.

**IT IS FURTHER ORDERED** that Respondents shall immediately release Petitioner with appropriate conditions of supervision.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE